UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:23-cv-00050-CRS-LLK

TAIRA T.                                                                                                                           PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                                  DEFENDANT

### REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. [Doc. 1]. Plaintiff's fact/law summary is at Doc. 13, the Commissioner's fact/law summary is at Doc. 16, and Plaintiff's reply is at Doc. 17. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 10].

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's decision

On October 31, 2022, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 8 at 25-36]. The ALJ denied Plaintiff's SSI claim, finding lack of disability from May 27, 2021, when Plaintiff filed her application for SSI, through October 31, 2022, when the ALJ issued his decision.

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 27, 2021, when she applied for SSI. *Id.* at 30.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine; learning disorder, not

1

otherwise specified; history of right eye amblyopia; depressive disorder; posttraumatic stress disorder (PTSD) with anxiety attacks; and migraine. *Id.* at 30-31.

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 31.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her degenerative disc disease of the cervical, thoracic, and lumbar spine and history of right eye amblyopia, Plaintiff can:

> … perform light work as defined in 20 CFR 416.967(b) except she is able to lift and carry 20 pounds occasionally and ten pounds frequently; stand and/or walk for a total of six hours out of an eight hour workday; sit six hours out of an eight hour workday; can push and pull limited to how much she can lift and carry; she can occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch, and crawl; should avoid all exposure to work at unprotected heights and moving, mechanical parts; and should also avoid concentrated exposure to vibrations, extreme cold. She has visual limitations that preclude work that requires precise depth perception.

*Id.* at 32. The ALJ further found that, notwithstanding her learning disorder, not otherwise specified, depressive disorder, posttraumatic stress disorder (PTSD) with anxiety attacks, and migraine, Plaintiff can:

> … understand, remember, and carry out instructions to perform simple and routine tasks that require short initial learning periods of usually 30 days or less; sustain attention and concentration to complete simple tasks over two hour segments; and respond appropriately to supervision, coworkers, and work situations to complete simple tasks; but should have no more than occasional interaction with coworkers and supervisors and occasional contact with the public. She can deal with changes in a work setting and use judgment to make simple work-related decisions.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 35.

Fifth, the ALJ found that Plaintiff can perform a significant number of unskilled, light jobs in the national economy such as housekeeping/cleaner, marker, and router. *Id.* at 36.

**Legal Standards**

Because Plaintiff applied for SSI in May 2021 [Doc. 8 at 30], the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source. 20 C.F.R. § 404.1520c(a). In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2).

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

## Discussion

Plaintiff's sole argument is that:

> The ALJ's RFC determination is not supported by substantial evidence and is the product of legal error where, after crediting the opinion of consultative examiner, Ollie C. Dennis, Ed.D., finding it persuasive, he crafted an RFC that does not account for the limitations identified within the opinion.

[Doc. 13-1 at PageID.858].

3

On October 26, 2021, Plaintiff was examined at the Commissioner's request by certified psychologist Ollie C. Dennis, Ed.D. Dr. Dennis's narrative report is at Doc. 8, pp. 660-65. In terms of her residual functional capacity (RFC), Dr. Dennis opined that Plaintiff:

> … probably can understand and remember one and two stage instructions with mild to moderate difficulty. Her capacity to sustain attention to complete tasks is mildly limited. Social interaction was generally moderately impaired. Her overall capacity to adapt to pressures of normal, daily work activity is probably moderately limited at this time.

[Doc. 8 at 665].

On October 27, 2021, at the initial determination level, in light of Dr. Dennis's narrative report and other medical records, the Commissioner's program psychologist, D. Stevens-Watkins, Ph.D., opined that Plaintiff has an RFC to:

> A. To understand and remember simple and detailed instructions.
>
> B. To carry out simple tasks over a routine workday and workweek.
>
> C. To relate adequately with supervisors and co-workers, and is able to perform work with occasional contact with the general public.
>
> D. To adapt to routine workplace changes as it relates to simple tasks.

[Doc. 8 at 110].

On March 21, 2022, at the reconsideration level, program psychologist Dan K. Vandivier, Ph.D., adopted the RFC findings of Dr. Stevens-Watkins. *Id.* at 119-20.

On October 31, 2022, the ALJ found that Plaintiff has an RFC to:

> … understand, remember, and carry out instructions to perform simple and routine tasks that require short initial learning periods of usually 30 days or less; sustain attention and concentration to complete simple tasks over two hour segments; and respond appropriately to supervision, coworkers, and work situations to complete simple tasks; but should have no more than occasional interaction with coworkers and supervisors and occasional contact with the public. She can deal with changes in a work setting and use judgment to make simple work-related decisions.

*Id.* at 32. In so finding, the ALJ weighed the opinions of Drs. Dennis, Stevens-Watkins, and Vandivier, finding them to be "persuasive." *Id.* at 34.

In summary, Drs. Stevens-Watkins, and Vandivier found no significant difference between their opinions and those of Dr. Dennis, and the ALJ found all three opinions to be "persuasive." Thus, the ALJ implicitly found that there is no significant difference between the opinions of Drs. Dennis, Stevens-Watkins, and Vandivier. This Report concludes that the ALJ's implicit finding is supported by substantial evidence.

Plaintiff argues that the ALJ's decision fails to provide a "logical bridge" between Dr. Dennis's opinion, which the ALJ purported to find "persuasive," and the ALJ's actual RFC finding, making the ALJ's RFC finding an "inappropriate function-by-function assessment of Plaintiff's mental impairments." [Doc. 13-1 at PageID.863]. This Report concludes that the argument is based on an overly close reading of Dr. Dennis's words, which Plaintiff apparently believes the ALJ was bound to adopt verbatim simply because he found Dr. Dennis's opinions to be generally "persuasive." [Doc. 8 at 34]. At best, Plaintiff has identified an insubstantial difference in wording on the parts of Dr. Dennis and the ALJ.

Even if there is a substantial difference in Dr. Dennis's opinion and the ALJ's RFC finding, at worst, this constituted a harmless error. "[N]o principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006).

Plaintiff does not allege that there is a substantial difference in the opinions of Drs. Stevens-Watkins and Vandivier and the ALJ's RFC finding. If the Court were to remand this matter to the ALJ for a new decision that re-weighs Dr. Dennis's opinion, the Commissioner could simply adopt the opinions of Drs. Stevens-Watkins and Vandivier (verbatim or otherwise) and deny Plaintiff's SSI claim. This is because the Commissioner's preference for opinions of an examining source (e.g., those of Dr. Dennis) over those of a non-examining source (e.g., those of Drs. Stevens-Watkins and Vandivier) is only a general rule. *See* 20 C.F.R. § 404.1520c(c)(3)(v) (examining relationship); *see also* 20 C.F.R. § 404.1513a(b)(2) ("[O]ur ...

State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation.").

## RECOMMENDATION

Because Plaintiff's sole argument is unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

November 13, 2023

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

November 13, 2023

Lanny King, Magistrate Judge
United States District Court