UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:23-CV-50-CRS-LLK

TAIRA T.                                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*                                    DEFENDANT

**MEMORANDUM OPINION & ORDER**

Pursuant to 42 U.S.C. § 405(g), plaintiff Taira T. ("Claimant") seeks judicial review of the Commissioner of Social Security's denial of her claim for supplemental security income ("SSI"). This matter was referred to United States Magistrate Judge Lanny King for preparation of a report and recommendation ("Report"). On November 13, 2023, Magistrate Judge King issued a Report concluding that the administrative law judge's ("ALJ") decision denying SSI benefits should be affirmed. [DN 18]. On November 24, 2023, Claimant filed timely Objections to the Report. [DN 19]. This matter is now before the court for consideration of Claimant's Objections. For the reasons stated below, the court finds no merit in Claimant's Objections and will therefore adopt Magistrate Judge King's well-reasoned Report as the opinion of the court.

I.        Background

Claimant was 40 years old when she filed her Title XVI application for SSI benefits on May 27, 2021. Her claim was denied on October 28, 2021. Claimant moved for reconsideration and her claim was denied again on April 1, 2022. On April 7, 2022, Claimant requested a hearing. Claimant's request was granted, and a telephonic hearing was held on September 16, 2022. An impartial vocational expert provided testimony at the hearing. On October 31, 2022, the ALJ issued a written opinion. The ALJ evaluated the evidence under the required five-step process and concluded that Claimant "has not been under a disability within the meaning of the Social Security

Act since May 27, 2021, the date the application was filed." [ALJ Op., DN 8 at 34]. Thereafter, Claimant requested review by the Appeals Council. On March 8, 2023, the Appeals Council denied Claimant's request. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

## II.   Standard of Review

The court conducts a de novo review of the portions of Magistrate Judge King's Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Specific objections "pinpoint those portions of the [magistrate judge's] report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge King. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). The court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

III.    Analysis

Claimant presented one issue for review in her Fact and Law Summary:

> The ALJ's RFC determination is not supported by substantial evidence and is the product of legal error where, after crediting the opinion of consultative examiner, Ollie C. Dennis, Ed.D., finding it persuasive, he crafted an RFC that does not account for the limitations identified within the opinion.

[Fact & Law Summary, DN 13-1 at 1].

### *Magistrate Judge King's Report*

In his Report, Magistrate Judge King chronicled Claimant's examination by Dr. Dennis and the subsequent consideration of Dr. Dennis's opinion by other psychologists, D. Stevens-Watkins, Ph.D. and Dan K. Vandivier, Ph.D., and the ALJ at the initial determination and reconsideration levels. [Report, DN 18 at 4]. Magistrate Judge King observed that Drs. Stevens-Watkins and Vandivier

> found no significant difference between their opinions and those of Dr. Dennis, and the ALJ found all three opinions to be "persuasive." Thus, the ALJ implicitly found that there is no significant difference between the opinions of Drs. Dennis, Stevens-Watkins, and Vandivier.

[*Id.* at 5]. Accordingly, Magistrate Judge King "conclude[ed] that the ALJ's implicit finding is supported by substantial evidence." [*Id.*].

Next, Magistrate Judge King rejected Claimant's argument that the ALJ failed to provide a "logical bridge" between Dr. Dennis's opinion and the ALJ's RFC finding, "making the ALJ's RFC finding an 'inappropriate function-by-function assessment of [Claimant's] mental impairments.'" [*Id.*] (quoting Fact & Law Summary, DN 13-1 at 19]). In so doing, Magistrate Judge King reasoned that Claimant's argument "is based on an overly close reading of Dr. Dennis's words, which [Claimant] apparently believes the ALJ was bound to adopt verbatim simply because he found Dr. Dennis's opinions to be generally 'persuasive.' At best, [Claimant] has identified an

insubstantial difference in wording on the parts of Dr. Dennis and the ALJ." [*Id.*] (quoting [Dr. Dennis's Report, DN 8 at 34]).

Finally, Magistrate Judge King concluded that "[e]ven if there is a substantial difference in Dr. Dennis's opinion and the ALJ's RFC finding, at worst, this constituted a harmless error" because "[i]f the Court were to remand this matter," the "Commissioner could simply adopt the opinions of Drs. Stevens-Watkins and Vandivier (verbatim or otherwise) and deny [Claimant's] SSI claim." [*Id.*].

### *Claimant's Objections*

Claimant objects to Magistrate Judge King's Report on two grounds. [Objections, DN 19 at 1–4].

First, Claimant objects to Magistrate Judge King's recommendation that the court find that (a) "[Claimant's] argument is based on 'an overly close reading of Dr. Dennis's words, which [Claimant] apparently believes the ALJ was bound to adopt verbatim simply because he found Dr. Dennis's opinions to be generally 'persuasive'" and (b) "at best, '[Claimant] has identified an insubstantial difference in wording on the parts of Dr. Dennis and the ALJ.'" [*Id.* at 1–2] (quoting [Report, DN 18 at 5]). Claimant's argument in support of this objection, in its entirety, is as follows:

> Dr. Dennis did not merely restrict Plaintiff to simple tasks; he assessed mild to moderate restriction in Plaintiff's ability to understand even one-step and two-step instructions. Plaintiff further asserts that the moderate restriction in ability to handle social interaction assessed by Dr. Dennis was not accommodated by limiting social interaction (both public and non-public) to one third of the day. Finally, the ALJ does not incorporate the moderate restrictions in ability to tolerate work stress which Dr. Dennis assessed; the ALJ's RFC affirmatively finds "She can deal with changes in a work setting." The RFC provides no limitation in the ability to handle work stress at all. Plaintiff asks the District Court to find that these distinctions are not merely insubstantial differences in wording. Plaintiff requests that the recommendation of the U.S. Magistrate Judge, with regard to this point, be rejected.

[*Id.* at 2] (internal citations omitted).

Second, Claimant objects to Magistrate Judge King's recommendation that the court find that "'[e]ven if there is a substantial difference in Dr. Dennis's opinion and the ALJ's RFC finding, at worst, this constituted a harmless error.'" [*Id.* at 2] (quoting [Report, DN 18 at 5]).

### Dr. Dennis's Report

Dr. Dennis is a certified psychologist. He conducted a "History and Mental Status Evaluation" of Claimant on October 26, 2021. [Dr. Dennis's Report, DN 8 at 668]. In his narrative report, Dr. Dennis observed that (1) Claimant "drove" twenty miles "to the examination;" (2) "[t]here were no significant instances of disability noted during the examination;" (3) Claimant's "effort was quite limited;" (4) her "[r]eality contact was good, sensorium was clear, and there were no indications of a blatant psychotic process;" (5) Claimant's "remote memory appeared to have been adequate;" (6) Claimant "was able to make purchases, manage finances independently, was licensed to operate a motor vehicle," could "perform[] routine household chores," and "was able to manage personal hygiene without difficulty;" (7) Claimant "generally got along well with others;" and (8) Claimant is "generally able to complete simple tasks with little difficulty." [*Id.* at 666–69].

Based on his observations and Claimant's responses to his line of questioning, Dr. Dennis opined that: (1) Claimant's "[c]ognitive estimates fall within the borderline to low average range;" (2) Claimant "manifested a history of instability in mood and self-image consistent with a character disorder;" (3) Claimant "probably can understand and remember one and two stage instructions with mild to moderate difficulty;" (4) Claimant's "capacity to sustain attention to complete tasks is mildly limited;" (4) Claimant's "[s]ocial interaction was generally moderately impaired;" and

(5) Claimant's "overall capacity to adapt to pressures of normal daily work activity is probably moderately limited at this time." [*Id.* at 669–70].

In his opinion denying Claimant's SSI claim, the ALJ characterized Dr. Dennis's opinion as "persuasive, as it is consistent with the medical evidence of record and the claimant's reported activities." [ALJ Op., DN 8 at 39].

### *Claimant's First Objection*

In her first objection, Claimant argues that Magistrate Judge King erred in finding that the ALJ properly considered Dr. Dennis's opinion in crafting Claimant's RFC and that, consequently, the ALJ's RFC determination is unsupported by substantial evidence. [Objections, DN 19 at 1–2]. When addressing this argument, Magistrate Judge King remarked that Claimant "identified an insubstantial difference in wording on the parts of Dr. Dennis and the ALJ." [Report, DN 18 at 5]. Claimant objects to that recommended "finding" and argues that the ALJ, having deemed Dr. Dennis's opinion persuasive, failed to take the opinion into account in crafting an RFC in three ways. [Objections, DN 19 at 2]. According to Claimant, the ALJ's RFC should have accounted for her: (1) "mild to moderate restriction in [her] ability to understand even one-step and two-step instructions;" (2) "moderate restriction in ability to handle social interaction" by limiting her "social interaction (both public and non-public) to one third of the day;" and (3) limited "ability to handle work stress." [*Id.* at 2].

Claimant's first objection is without merit. "The Social Security Act instructs that the ALJ—not a physician [or other medical expert]—ultimately determines a claimant's RFC." *Coldiron v. Comm'r Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (citing 42 U.S.C. § 423(d)(5)(B) and 20 C.F.R. § 404.1546(c)). Thus, an ALJ's "residual functional capacity finding does not need to correspond to any particular physician's opinion." *Tucker v. Comm'r Soc. Sec.*,

775 F. App'x 220, 226 (6th Cir. 2019) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)). That is, an "ALJ need not adopt a medical opinion verbatim, even if he found it persuasive." *Bryson v. Comm'r of Soc. Sec.*, No. 3:20-cv-667-CHB, 2022 WL 945318, at *4 (W.D. Ky. Mar. 29, 2022). Rather, to support an RFC determination, an ALJ need only "make a connection between the evidence relied on and the conclusion reached." *Tucker*, 775 F. App'x at 226. Here, the ALJ made that connection.

In the section of the ALJ's opinion addressing Claimant's RFC, the ALJ thoroughly recounted Dr. Dennis's opinion:

> The claimant also testified that she has mental health problems and cannot get along with employers. Treatment records have described ongoing counseling with diagnoses including PTSD. Ollie Dennis, Ed.D. examined the claimant in October of 2021. Dr. Dennis observed that the claimant ambulated with a steady gait and did not require an assistive device. He stated that there were no significant instances of disability during the examination but that the claimant's effort was "quite limited." Dr. Dennis diagnosed unspecified depressive disorder, borderline personality disorder, and rule[d] out PTSD. Dr. Dennis stated that the claimant would have mild to moderate difficulty understanding and remembering one and two stage instructions; mild limitation in her ability to sustain attention to complete tasks; moderate impairment in social interaction; and moderate limitation in her ability to adapt to the pressures of normal daily work activity. This opinion is persuasive, as it is consistent with the medical evidence of record and the claimant's reported activities.

[ALJ Op., DN 8 at 39]. Thereafter, the ALJ adequately connected his reliance on objective medical evidence, including Dr. Dennis's report, to Claimant's RFC determination:

> After careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could cause some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. While the claimant has alleged that she can barely walk, if she can at all, and that she cannot leave her house due to her psychological problems, medical records simply do not reflect such limitations. Examinations have repeatedly noted a normal gait and improvement in tremor and other neurological symptoms when distracted. While she clearly has mental health conditions, she has reported

functioning consistent with the residual functional capacity above and gave only limited effort at a psychological examination to assess her abilities and limitations.

[ALJ Op., DN 8 at 40].

In his opinion, the ALJ made clear that he relied on Dr. Dennis's opinion to establish two things, one physical and the other psychological. As to the former, the ALJ relied on Dr. Dennis's opinion to establish that Claimant did not require the use of an assistive device to walk; "the claimant ambulated with a steady gait and did not require an assistive device." [ALJ Op., DN 8 at 39] (discussing [Dr. Dennis's Report, DN 8 at 670]). Also, the ALJ relied on Dr. Dennis's report to conclude that the Claimant was not confined to her home due to "psychological problems," [ALJ Op., DN 8 at 40], as she "drove to the [psychological] examination . . . a distance of twenty miles," [Dr. Dennis's Report, DN 8 at 666]. As to the latter, the ALJ relied on Dr. Dennis's opinion to establish that only mild to moderate psychological limitations were identified, and those with the caveat that Claimant "gave only limited effort at a psychological examination to assess her abilities and limitations." [ALJ Op., DN 8 at 40]; [Dr. Dennis Report, DN 8 at 670].

The ALJ adequately connected the "evidence relied on" in Dr. Dennis's report with "the conclusion reached" in his RFC determination. *Tucker*, 775 F. App'x at 226. So, there is a "logical bridge between the evidence and the result." *Wood v. Comm'r Soc. Sec.*, No. 4:20-cv-57-HBB, 2021 WL 1565793, at *5 (W.D. Ky. Apr. 21, 2021). Thus, Magistrate Judge King's recommendation that the court find that the ALJ's RFC determination is supported by substantial evidence is well-reasoned. Accordingly, Claimant's first objection to Magistrate Judge King's Report will be overruled as meritless. *McGlothin*, 299 F. App'x at 522.

*Claimant's Second Objection*

Claimant's second objection assumes the success of her first. That is, Claimant objects to Magistrate Judge King's recommendation that the court find that if the ALJ erred in determining Claimant's RFC, that the error was harmless. [Objections, DN 19 at 2–3]. However, the ALJ did not err, so Claimant's second objection to Magistrate Judge King's Report will be overruled as meritless.

IV.   Conclusion

The ALJ's determination of Claimant's RFC is supported by substantial evidence and Magistrate Judge King's Report recommending the court find the same is well-reasoned. Thus, remand is unjustified, and Claimant's objections are without merit. Therefore, Claimant's Objections [DN 19] are **OVERRULED** and Magistrate Judge King's Report and Recommendation [DN 18] is hereby **ADOPTED** in its entirety as the opinion of the court and is incorporated by reference herein. A separate judgment will be entered this date. There being no just reason for delay, this is a **final Order**.

**IT IS SO ORDERED.**

December 8, 2023

Charles R. Simpson III, Senior Judge
United States District Court